UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2004 SEP -1 A 11: 21

SIGN_____
BY DEPUTY CLERK

DANIEL MOODY

VERSUS

ANDRE' CAVALIER, in his individual and official capacities as a Sorrento City Police Officer; AND CITY OF SORRENTO

CIVIL ACTION NO.

JUDGE

CV 04-617-D-M3

MAGISTRATE JUDGE

## COMPLAINT

The complaint of Daniel Moody, through undersigned counsel, with respect represents:

1.

Plaintiff is Daniel Moody, a person of the age of majority and a resident of the Parish of Ascension.

2.

Defendants are:

(a) Andre' Cavalier, a person of the full age of majority and a resident of the Parish of Ascension, State of Louisiana. Mr. Cavalier is sued in his individual capacity and in his official capacity as a Police Officer employed by the City of Sorrento.

(b) The City of Sorrento a municipality organized under the laws of the State of Louisiana and a juridical entity with the legal capacity to sue and be sued.

**VENUE**

3.

Venue lies in this Court under 28 U.S.C. section 1391(b)(2), as the events giving rise to these claims occurred within the judicial district.

## JURISDICTION

4.

This case involves federal question jurisdiction pursuant to 28 U.S.C. section 1331.

## FACTS COMMON TO ALL CLAIMS

5.

On May 13, 2004, Andre' Cavalier, was employed as police officer by the City of Sorrento.

6.

On May 13, 2004, at approximately 12:30 a.m. petitioner was at the home of Sidney Smith.

7.

. Defendant, Andre' Cavalier, in uniform and driving a marked Sorrento City Police unit, drove up to the Smith residence and asked to speak with the owner.

8.

Defendant, Andre' Cavalier then asked to speak to the oldest person on the premises at which time petitioner, Daniel Moody, stepped forward and identified himself as the oldest person on the premises.

9

Upon identifying himself, as the oldest, defendant Andre' Cavalier ordered petitioner not to proceed forward.

10.

Defendant, Andre' Cavalier, finished speaking with the Sidney Smith at which time defendant ordered the petitioner to proceed forward.

11.

In accordance with the defendants command, petitioner walked forward slowly, at which time the defendant ordered petitioner to lie down in the mud/gravel to arrest him.

12.

Petitioner offered to permit defendant to handcuff him and arrest him, at which time defendant began to incessantly beat petitioner with his billy club.

13.

Petitioner did not provoke the beating nor did the defendant have cause to do so.

14.

Plaintiff has suffered, and continues to suffer, embarrassment and mental pain and anguish as a result of the aforementioned actions of defendants.

15.

Andre' Cavalier, while acting under color of state law, deprived plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution by illegally arresting him and using excessive force on him, and/or by allowing excessive force to be used.

16.

Plaintiff has suffered and continues to suffer damages as a result of the aforementioned violation of his rights under the Fourth Amendment to the United States Constitution and is entitled to compensation for his injuries and losses.

17.

Andre' Cavalier deliberately violated plaintiff's rights in knowing violation or reckless disregard of the same under the Fourth Amendment to the United States Constitution and are therefore liable for punitive damages.

18.

The City of Sorrento and the Sorrento City Police, acting under color of state law, deprived plaintiff of rights secured to him under the Fourth Amendment to the Constitution of the United States by negligently hiring and retaining Andre' Cavalier; by failing to properly train and supervise Andre' Cavalier in the proper use of force; by failing to maintain an adequate procedure for investing, disciplining and/or terminating employees, including Andre' Cavalier; by failing to implement proper policies and procedures in the Sorrento Police Department including policies and procedures governing the hiring, training retention and supervision of officers, the lodging by citizens of complaints about misconduct of officers and the investigation of such complaints. Alternatively, the City of Sorrento and Sorrento Police Department have allowed by custom or practice for policies and procedures regarding this issue to be disregarded, which actions have resulted in the deprivations of plaintiff's constitutional rights, as outlined above. Through these customs or practices, or disregard of same, the Sorrento Police officers, particularly Andre' Cavalier, believe that they can freely violate policies or procedures and violate the constitution rights of citizens without fear of appropriate.

19.

Petitioner has suffered damages as a result of the aforementioned violations of his rights under the Fourth Amendment to the Untied States Constitution. The Sorrento Police Department is responsible for compensating Plaintiff for his injury.

20.

The Sorrento Police Department is liable to plaintiff for attorney's fees and cost under 42 U.S.C. section 1988.

21.

The City of Sorrento and Sorrento City Police is liable to plaintiff for reasonable attorney's fees and costs under 42 U.S. C. section 1988.

22.

Defendant, Andre' Cavalier, is liable to plaintiff under Louisiana Civil Code Article 2315 for assault and battery and false arrest.

23.

Defendant, City of Sorrento and Sorrento Police Department, is liable to plaintiff under the doctrine of respondeat superior as the employer of defendant Andre' Cavalier.

24.

Plaintiff has suffered damages as a result of defendants' violation of La. Civil Code art. 2315.

25.

Andre' Cavalier acted in the absence of a serious and legitimate interest that is worthy of judicial protection; alternatively, they acted in violation of moral rules, good faith, or elementary fairness; in the alternative, they exercised a right for a purpose other than that for which it was granted.

26.

Defendants, Andre' Cavalier, is liable to plaintiff under La. Civ. Code art. 2315 for abuse rights.

27.

Defendant, City of Sorrento and Sorrento City Police Department, is liable to plaintiff under respondeat superior as the employer of Andre' Cavalier.

28.

In lodging criminal charges against Daniel Moody, Officer Andre' Cavalier acted with an ulterior purpose and performed a willful act in the use of the process not in the regular prosecution of the proceedings.

29.

Plaintiff has suffered damages as a result of defendants' violation of La. Civ. Code art. 2315.

30.

Defendant, Andre' Cavalier, is liable to plaintiff under La. Civ. Code art. 2315 for abuse of process.

31.

Defendant, City of Sorrento and Sorrento City Police Department, is liable to plaintiff under respondeat superior as the employer of defendant Andre' Cavalier.

WHEREFORE plaintiff prays that, after due proceedings, there be judgement herein in his favor and against defendants Andre' Cavalier, (individually and in his official capacity); and against the City of Sorrento and Sorrento City Police Department:

(a) declaring that the actions of defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United Stated Constitution;

(b) awarding plaintiff compensatory damages;

(c) awarding plaintiff punitive damages;

(d) awarding plaintiff attorney's fees and costs under 42 U.S.C. section 1988;

(e) awarding plaintiff such other relief as is just and equitable..

RESPECTFULLY SUBMITTED:

**GAUTHIER & AMEDEE**
**A Professional Law Corporation**
2111 South Burnside Avenue
Gonzales, Louisiana 70737
Telephone: (225)647-1300

BY: _____
**ANDRE' P. GAUTHIER**, Bar Roll #21294
**LEE J. AMEDEE, III,** Bar Roll # 24278